UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANGEL NAVARRO, EVELYN DAHI, RAFAEL
RAMIREZ and WILKINS MARTINEZ, on behalf
of themselves, individually, and on behalf of all
others similarly-situated,

|  |  |
|---|---|
| Plaintiff, | **AMENDED COMPLAINT** |
| -against- | **Docket No.:** 15-cv-00064 (AJP) |
|  | Jury Trial Demanded |

BRUCKNER FOREVER YOUNG SOCIAL
ADULT DAY CARE INC, and EASTCHESTER'S
FOREVER YOUNG SOCIAL ADULT DAY
CARE INC, and QUEENS FOREVER YOUNG
SOCIAL ADULT DAY CARE INC., and
FOREVER YOUNG SOCIAL ADULT DAY
CARE, INC., and FELIX GERSHKOVITCH, in his
individual and professional capacities,

Defendants.
-------------------------------------------------------------X

ANGEL NAVARRO, EVELYN DAHI, RAFAEL RAMIREZ and WILKINS

MARTINEZ (collectively as "Plaintiffs"), on behalf of themselves, individually, and on behalf

of all others similarly-situated ("FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through

their attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for their Complaint against

BRUCKNER FOREVER YOUNG SOCIAL ADULT DAY CARE INC, and EASTCHESTER'S

FOREVER YOUNG SOCIAL ADULT DAY CARE INC, and QUEENS FOREVER YOUNG

SOCIAL ADULT DAY CARE INC., and FOREVER YOUNG SOCIAL ADULT DAY CARE,

INC., (each, individually, as a "Day Care," and collectively as the "Day Cares"), and FELIX

GERSHKOVITCH, in his individual and professional capacities, (all, collectively, as

1

"Defendants"), allege upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1.     This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the FLSA's minimum wage provisions, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the NYLL's minimum wage provisions, NYLL § 652(1); (v) the NYLL's requirement that employers pay wages to their employees pursuant to the terms of employment; NYLL §§ 190, 191, and 663(1); (vi) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (vii) the NYLL's requirement that employers furnish employees with a wage notice at the time of hiring containing specific categories of accurate information, NYLL § 195(1); (viii) the FLSA's anti-retaliation provisions, 29 U.S.C. § 215(a)(3); (ix) the NYLL's anti-retaliation provisions, NYLL § 215(a)(iii); and (x) any other claim(s) that can be inferred from the facts set forth herein.

2.     The Day Cares are social adult day cares for senior citizens.   Defendant Gershkovitch controls, owns, and operates all of the Day Cares, which all operate under the same policies regarding the payment of wages to their non-managerial employees.  Plaintiffs worked for Defendants as intrastate drivers, providing roundtrip, door-to-door transportation to senior citizens to/from their homes to/from the adult Day Cares.  Throughout their employment, as described below, the Defendants required Plaintiffs to work, and Plaintiff did in fact work, at

least sixty hours per week.  Defendants, however, completely failed to pay Plaintiffs for any hours that they worked in excess of forty each week at any rate of pay, let alone at the minimum wage rate of pay, their regular rate of pay, or their overtime rate of pay.  Additionally, Defendants failed to provide Plaintiffs with proper, accurate wage statements on each payday or with proper wage notices at the time of hire as the NYLL requires.

3.       Defendants paid and treated all of their intrastate drivers, at each of the Day Cares, in this manner.

4.       Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of 29 U.S.C. § 216(b), on behalf of themselves and all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA.

5.       Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves and all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

6.       Additionally, Plaintiffs Ramirez and Martinez bring retaliation claims pursuant to the FLSA and NYLL on behalf of themselves only, as after they opted-in to this case, the Defendants retaliating by, *inter alia*, cutting their pay.

## JURISDICTION AND VENUE

7.       The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

9.      At all relevant times herein, Plaintiff Navarro was a resident of the State of New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

10.      At all relevant times herein, Plaintiff Dahi was a resident of the State of New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

11.      At all relevant times herein, Plaintiff Ramirez was a resident of the State of New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

12.      At all relevant times herein, Plaintiff Martinez was a resident of the State of New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

13.      At all relevant times herein, Defendant Bruckner Forever Young Social Adult Day Care Inc (Bruckner Location") was and is a domestic limited liability company organized under the laws of the State of New York with its principal place of business located at 80 Bruckner Boulevard, Bronx, New York 10454.  The Bruckner Location is registered with the New York State Department of State ("NYSDOS") to receive service of process c/o Gary Nabitovsky, at 80 Bruckner Boulevard, Bronx, New York 10454.

14.     At all relevant times herein, Defendant Eastchester's Forever Young Social Adult Day Care Inc ("Eastchester Location") was and is a domestic business corporation organized under the laws of the State of New York with its principal place of business located at 2050 Eastchester Road, Bronx, New York 10461.  The Eastchester Location is registered with the NYSDOS to receive service of process at 51 Alan Loop, Staten Island, New York 10304.

15.     At all relevant times herein, Defendant Queens Forever Young Social Adult Day Care Inc. ("Queens Location") was and is a domestic business corporation organized under the laws of the State of New York with its principal place of business located at 231-10 Hillside Avenue, Queens Village, New York 11427.   The Queens Location is registered with the NYSDOS to receive service of process at 2775 East 16th Street, Apt. 4G, Brooklyn, New York 11235.

16.     At all relevant times herein, Forever Young Social Adult Day Care, Inc. ("Third Avenue Location") was and is a domestic business corporation organized under the laws of the State of New York with a principal place of business located at 3305 3rd Avenue, Bronx, New York 10456.  The Third Avenue Location is registered with the NYSDOS to receive service of process at 62 Allan Loop, Staten Island, New York 10304.

17.     At all relevant times herein, Defendant Gershkovitch was and is the president and/or owner and/or co-owner and/or primary shareholder of each Day Care.  At all relevant times herein, despite each entity having immediate managers, Defendant Gershkovitch was ultimately responsible for all managerial decisions on behalf of each Day Care entity. Specifically, Defendant Gershkovitch personally managed and oversaw the day-to-day operations of the Day Cares, was ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked, and had the power to hire

and fire along with the immediate managers, and routinely used this power to hire and/or fire employees of the Day Cares.

18.      At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCCRR.   Additionally, Defendants' qualifying annual business exceeded and exceeds $500,000, and Defendants were engaged in interstate commerce within the meaning of the FLSA as they used goods, equipment, and other materials in the course of their business, much of which originated in states other than New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise. Furthermore, all of Defendants' employees, including Plaintiffs and the FLSA Plaintiffs, were individually engaged in interstate commerce, as they all routinely worked with goods and equipment that have been, and continue to be, moved in interstate commerce.   This independently subjects the Defendants to the overtime requirements of the FLSA with respect to Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

19.      Plaintiffs have already joined this suit to recover from Defendants overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), which was previously brought, by other individuals, on their own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as New York intrastate drivers who give consent to file a claim to recover damages for: (1) overtime compensation that is legally due to them for the time worked in excess of forty hours per week; and/or (2) minimum wages that are legally due to them ("FLSA Plaintiffs").

20.    Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: performed similar tasks, as described in the "Background Facts" section below; were subject to the same laws and regulations; were paid in the same or similar manner; were not paid at an amount equal to the minimum hourly required rate of pay per hour worked; were required to work in excess of forty hours each workweek; and were not paid the required one and one-half times their respective regular rates of pay for all overtime hours worked per workweek.

21.    At all relevant times, the Defendants are and have been aware of the requirement to pay Plaintiffs and all FLSA Plaintiffs at an amount equal to the minimum hourly required rate of pay per hour for all hours worked, as well as the rate of one and one-half times their respective rates of pay for all hours worked each workweek above forty, yet they purposefully chose not to do so.

22.    Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees minimum wage and overtime compensation for all hours worked per workweek.

## RULE 23 CLASS ALLEGATIONS

23.    In addition, Plaintiffs seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually on their own behalf, as well as on behalf of those who are similarly-situated who, during the applicable statutory period, the Defendants subjected to violations of the NYLL and the NYCCRR.

24.    Under FRCP 23(b)(3), a plaintiff must plead that:

a.    The class is so numerous that joinder is impracticable;

b.    There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c.      Claims or defenses of the representative are typical of the class;

d.      The representative will fairly and adequately protect the class; and

e.      A class action is superior to other methods of adjudication.

25.    The Rule 23 Class that Plaintiffs seek to define includes:

Current and former employees of Defendants who performed any work for Defendants as intrastate drivers during the statutory period within the State of New York who: (1) did not receive compensation at the legally-required minimum rate of pay for each hour worked; (2) worked in excess of forty hours per week without receiving overtime compensation; (3) did not receive compensation in accordance with their agreed terms of employment; (4) were not issued accurate or any pay stubs/wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); and/or (5) were not issued wage notices as required by NYLL § 195(1) at the time of hire ("Rule 23 Plaintiffs").

<u>Numerosity</u>

26.    During the previous six years the Defendants have, in total, employed at least forty putative members of this class.

<u>Common Questions of Law and/or Fact</u>

27.    There are common questions of law and fact that govern the claims that are available to each and every Rule 23 Plaintiff, including but not limited to the following: (1) the duties that Defendants required the Rule 23 Plaintiffs to perform; (2) whether Defendants denied the Rule 23 Plaintiffs compensable time for all hours worked; (3) whether Defendants required the Rule 23 Plaintiffs to work in excess of forty hours per week; (4) whether Defendants compensated the Rule 23 Plaintiffs at the statutorily-required minimum wage rate of pay for each hour worked; (5) whether Defendants compensated the Rule 23 Plaintiffs at the statutorily-required rate of one and one-half times their respective regular rates of pay for all hours worked

per week over forty; (6) whether Defendants paid the Rule 23 Plaintiffs their wages in accordance with their agreed terms of employment; (7) whether Defendants furnished the Rule 23 Plaintiffs with proper wage statements on each payday as required by NYLL § 195(3); (8) whether Defendants furnished the Rule 23 Plaintiffs with wage notices as required by NYLL § 195(1) at the time of hire; (9) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (10) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (11) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (12) whether Defendants' actions were in willful violation of the NYLL and the NYCCRR; and (13) if so, what the proper measure of damages should be.

Typicality of Claims and/or Defenses

28.    As described in the Background Facts section below, Defendants employed Plaintiffs as non-managerial, intrastate drivers. Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendants at one or more of their locations in excess of forty hours per week, within New York, as intrastate drivers, whom the Defendants paid for only their first forty hours worked per week. Plaintiffs and the Rule 23 Plaintiffs enjoy the same rights under the NYLL and the NYCCRR to: (1) be paid at least the statutorily-required minimum wage rate for each hour worked; (2) be paid their full regular rates of pay for all hours worked up to forty and one and one-half times their regular rates of pay for all hours worked per week in excess of forty; and (3) to be furnished with initial wage notices at hire and accurate wage statements on each payday.

29.     Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and the NYCCRR, namely, under-compensation due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and/or Defendants' defenses to those claims.

<u>Adequacy</u>

30.     Plaintiffs worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants.   Furthermore, Defendants' treatment of Plaintiffs was substantially-similar, if not identical, to Defendants' treatment of the Rule 23 Plaintiffs. Defendants routinely undercompensated Plaintiffs and the Rule 23 Plaintiffs, failing to pay them at the minimum wage rate of pay or their actual regular rates of pay for all hours worked and/or failing to pay them at one and one-half times their actual regular rates of pay for all hours worked in excess of forty.  Furthermore, Defendants failed to provide Plaintiffs and the Rule 23 Plaintiffs with accurate wage notices at the time of hire or with accurate wage statements on each payday.

31.     Plaintiffs Navarro and Dahi are no longer employed with Defendants and thus have no fear of retribution from Defendants for their participation in this action.   Plaintiffs Ramirez and Martinez are current employees of the Defendants and wish to stand up for the rights of their colleagues.  All Plaintiffs fully anticipate testifying under oath as to all of the matters raised in this Amended Complaint and as to all matters that may be raised in Defendants' Answer, and also anticipate participating in the discovery process.   Thus, Plaintiffs would properly and adequately represent the current and former employees whom Defendants have similarly mistreated.

<u>Superiority</u>

32.     Defendants treated Plaintiffs and the Rule 23 Plaintiffs in a substantially similar manner.  As such, the material facts concerning Plaintiff's claims are substantially similar, if not identical, to the material facts concerning the Rule 23 Plaintiffs' claims.

33.     Any lawsuit brought by one of the Rule 23 Plaintiffs for Defendants' violations of the NYLL and the NYCCRR would be practically identical to a suit brought by any other Rule 23 Plaintiff for the same violation.

34.     Accordingly, a class action lawsuit would be superior to any other method for protecting the Rule 23 Plaintiffs' rights.

35.     In addition, Plaintiffs' attorneys are qualified, experienced, and able to conduct this litigation.  Plaintiffs' attorneys' practice is concentrated primarily in the field of employment law and they have extensive experience in handling class action lawsuits arising out of employers' violations of the provisions of the NYLL and the NYCCRR at issue in this case.

## **BACKGROUND FACTS**

36.     The Day Cares are social adult day cares for senior citizens.  The Day Cares have four locations in New York City, with three in the Bronx, New York (the Bruckner Location, the Eastchester Location and the Third Avenue Location) and one in Queens, New York (Queens Location).    The  locations  also  share  a  common  advertisement  website  address  of www.fydaycare.com.

37.     Defendant Gershkovitch controls, owns, operates and makes all managerial decisions with respect to rates and methods of pay and the hours that the Defendant Day Cares require their employees to work.

11

38.     Defendant Gershkovitch has final say over all managerial decisions and exercises that authority on a daily basis with respect to each entity.  For example, although each day care has an immediate manager that hired and fired employees and fielded payroll, work hours, lunch breaks and other job-related issues, Defendant Gershkovtich maintained ultimate responsibility for all such decisions.

39.     Plaintiffs' positions with the Defendants were as intrastate drivers, with their principal responsibility being to transport senior citizens to and from their homes within New York City, back and forth to the Day Cares also located within New York City.  Plaintiffs never left New York to complete their job, and, more narrowly, never left the confines of the five boroughs of New York City itself.

40.     Although Plaintiffs primarily transported these senior citizens from their New York City homes to the Day Cares, there were many instances where Defendants would request that they transport the senior citizens from their homes to other Day Care locations other than the ones for which they primarily worked.  Other employees performing the same duties as Plaintiffs transported senior citizens among all of the Defendants' Day Care locations as well.

41.     Throughout Plaintiffs' entire period of employment, the Defendants required Plaintiffs to work, and Plaintiffs did in fact work, a minimum of sixty hours each week, on Mondays through Fridays, between 7:00 a.m. and 8:00 p.m.

42.     On many days, the Defendants did not provide Plaintiffs with a scheduled or uninterrupted break, thus requiring Plaintiffs to work thirteen-hour days rather than twelve-hour days.  This happened approximately four-to-five times a week.

**A. Angel Navarro**

43.     Plaintiff Navarro worked for the Defendants from September 2014 until April 2015.

44.     Plaintiff Navarro's primary worksite was the Bruckner Location.

45.     Throughout Plaintiff Navarro's employment, the Defendants paid Plaintiff $550.00 per week, with this amount intended to cover only Plaintiff Navarro's first forty hours worked per week, which amounts to a rate of $13.75 per hour for his first forty hours worked per week.

46.     Throughout Plaintiff Navarro's entire period of employment, the Defendants failed to pay Plaintiff Navarro at any rate of pay, let alone at the legally-mandated minimum wage rate of pay, his straight-time rate of pay, or his overtime rate of pay, for all hours that Plaintiff Navarro worked per week in excess of forty.

47.     Throughout their employment, the Defendants paid Plaintiff Navarro on a biweekly basis.

48.     On those occasions when they paid Plaintiff Navarro, Defendants intentionally failed to provide Plaintiff Navarro with proper wage statements that accurately reflected the amount of hours that he worked, his regular rate of pay, or his overtime rate of pay for each hour worked over forty in a given workweek.

49.     Additionally, Defendants intentionally did not provide Plaintiff Navarro with a wage notice at the time of hire containing all of the following accurate information: Plaintiff Navarro's rates of pay and basis thereof; whether Plaintiff Navarro was paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated

by Defendants; the name and physical addresses of Defendants; any "doing business as" names used by Defendants; and Defendants' mailing addresses and telephone numbers.

## B. Evelyn Dahi

50.    Plaintiff Dahi worked for the Defendants from September 2013 until February 2015.

51.    Plaintiff Dahi's primary worksite was the Third Avenue Location.

52.    Throughout Plaintiff Dahi's employment, the Defendants paid Plaintiff Dahi $500.00 per week, with this amount intended to cover only Plaintiff Dahi's first forty hours worked per week, which amounts to a rate of $12.50 per hour for her first forty hours worked per week.

53.    Throughout Plaintiff Dahi's entire period of employment, the Defendants failed to pay her at any rate of pay, let alone at the legally-mandated minimum wage rate of pay, her straight-time rate of pay, or her overtime rate of pay, for all hours that she worked per week in excess of forty.

54.    Throughout her employment, the Defendants paid Plaintiff Dahi on a biweekly basis.

55.    On those occasions when they paid Plaintiff Dahi, Defendants intentionally failed to provide her with proper wage statements that accurately reflected the amount of hours that she worked, her regular rate of pay, or her overtime rate of pay for each hour worked over forty in a given workweek.

56.    Additionally, Defendants intentionally did not provide Plaintiff Dahi with a wage notice at the time of hire containing all of the following accurate information: Plaintiff Dahi's rates of pay and basis thereof; whether Plaintiff Dahi was paid by the hour, shift, day, week,

salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendants; the name and physical addresses of Defendants; any "doing business as" names used by Defendants; and Defendants' mailing addresses and telephone numbers.

### C. Rafael Ramirez

57.     Plaintiff Ramirez started working for the Defendants in May 2014 and continues to work there to date.

58.     Plaintiff Ramirez's primary worksite is the Bruckner Location.

59.     From the beginning of Plaintiff Ramirez's employment until June 11, 2015, the Defendants paid Plaintiff Ramirez $600.00 per week, with this amount intended to cover only Plaintiff Ramirez's first forty hours worked per week, which amounts to a rate of $15.00 per hour for his first forty hours worked per week.

60.     Throughout Plaintiff Ramirez's entire period of employment, the Defendants failed to pay Plaintiff Ramirez at any rate of pay, let alone at the legally-mandated minimum wage rate of pay, his straight-time rate of pay, or his overtime rate of pay, for all hours that Plaintiff Ramirez worked per week in excess of forty.

61.     Throughout his employment, the Defendants paid Plaintiff Ramirez on a biweekly basis.

62.     On those occasions when they paid Plaintiff Ramirez, Defendants intentionally failed to provide him with proper wage statements that accurately reflected the amount of hours that he worked, his regular rate of pay, or his overtime rate of pay for each hour worked over forty in a given workweek.

63.     Additionally, Defendants intentionally did not provide Plaintiff Ramirez with a wage notice at the time of hire containing all of the following accurate information: Plaintiff Ramirez's rates of pay and basis thereof; whether Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendants; the name and physical addresses of Defendants; any "doing business as" names used by Defendants; and Defendants' mailing addresses and telephone numbers.

64.     Plaintiff Ramirez opted-in to this case by signing an opt-in form and having that form filed with this court on June 9, 2015.  On that same date, Plaintiff Ramirez, through counsel, wrote a letter to Defendants advising them of Plaintiff Ramirez's participation in this matter and his fear of reprisal.

65.     Undeterred, shortly thereafter, on June 10 and on numerous occasions after, Defendants insisted that Plaintiff Ramirez sign blank employment documents, allegedly to correct the Defendants' wrongdoings exposed in response to the original complaint filed in this matter on January 9, 2015.  Plaintiff Ramirez refused to sign the blank paperwork as some of the documents erroneously backdated his employment to a company named Temana Transportation, Inc., a company for which he had never worked and of which he had never even heard.

66.     On June 12, 2015, Defendants reduced Plaintiff Ramirez's wages to ten dollars per hour for the first forty hours of work per week.

**D. Wilkins Martinez**

67.     Plaintiff Martinez started working for the Defendants in September 2014 and continues to work there to date.

68.     Plaintiff Martinez's primary worksite is the Bruckner Location.

16

69.     From the beginning of Plaintiff Martinez's employment until June 11, 2015, the Defendants paid Plaintiff Martinez $550.00 per week, with this amount intended to cover only Plaintiff Martinez's first forty hours worked per week, which amounts to a rate of $13.75 per hour for his first forty hours worked per week.

70.     Throughout Plaintiff Martinez's entire period of employment, the Defendants failed to pay Plaintiff Martinez at any rate of pay, let alone at the legally-mandated minimum wage rate of pay, his straight-time rate of pay, or his overtime rate of pay, for all hours that Plaintiff Martinez worked per week in excess of forty.

71.     Throughout his employment, the Defendants paid Plaintiff Martinez on a biweekly basis.

72.     On those occasions when they paid Plaintiff Martinez, Defendants intentionally failed to provide Plaintiff Martinez with proper wage statements that accurately reflected the amount of hours that he worked, his regular rate of pay, or his overtime rate of pay for each hour worked over forty in a given workweek.

73.     Additionally, Defendants intentionally did not provide Plaintiff Martinez with a wage notice either at the time of hire containing all of the following accurate information: Plaintiff Martinez's rates of pay and basis thereof; whether Plaintiff Martinez was paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendants; the name and physical addresses of Defendants; any "doing business as" names used by Defendants; and Defendants' mailing addresses and telephone numbers.

74.     Plaintiff Martinez opted-in to this case by signing an opt-in form and having that form filed with this court on June 9, 2015.  On that same date, Plaintiff Martinez, through

counsel, wrote a letter to Defendants advising them of Plaintiff Martinez's participation in this matter and his fear of reprisal.

75.    Undeterred, shortly thereafter, on June 10 and on numerous occasions after, Defendants insisted that Plaintiff Martinez sign blank employment documents, allegedly to correct the Defendants' wrongdoings exposed in response to the original complaint filed in this matter on January 9, 2015.  Plaintiff Martinez refused to sign the blank paperwork as some of the documents erroneously backdated his employment to a company named Temana Transportation, Inc., a company for which he had never worked and of which he had never even heard.

76.    On June 17, 2015, Plaintiff Martinez notified counsel that Defendants had reduced his wages to ten dollars per hour for the first forty hours of work per week.

77.    All of the Day Cares operated in this manner with respect to Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs, with each Day Care denying all of their New York intrastate drivers.

78.    The Defendants acted in this manner so as to maximize their profits while minimizing their labor costs.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
#### *Unpaid Overtime Under the FLSA*

79.    Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for any hours worked exceeding forty in a workweek.

81.    As described above, Defendants are employers within the meaning of the FLSA while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

82.      As also described above, Plaintiffs and FLSA Plaintiffs worked in excess of forty hours each week, yet the Defendants failed to compensate Plaintiffs and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

83.      Defendants willfully violated the FLSA.

84.      Plaintiffs and FLSA Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective standard rates of pay.

85.      Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorney's fees for the Defendants' violation of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Minimum Wages Under the FLSA*

86.      Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

87.      29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

88.      As described above, Defendants are employers within the meaning of the FLSA while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

89.      As also described above, the Defendants did not compensate Plaintiffs and FLSA Plaintiffs at the minimum hourly rate required by the FLSA for all hours worked.

90.      The Defendants' actions were willful violations of the FLSA.

91.      At the least, Plaintiffs and FLSA Plaintiffs are entitled to pay at the minimum wage rate for all hours worked each week.

92.      Plaintiffs and FLSA Plaintiffs are entitled to liquidated damages and attorney's fees for the Defendants' violation of the FLSA's minimum wage provisions.

## THIRD CLAIM FOR RELIEF AGAINT DEFENDANTS
### *Unpaid Overtime Under the NYLL and NYCCRR*

93.     Plaintiffs and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

94.     NYLL § 160 and NYCCRR tit. 12, § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for any hours worked exceeding forty in a workweek.

95.     Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

96.     Plaintiffs and Rule 23 Plaintiffs worked in excess of forty hours each week, yet Defendants failed to compensate Plaintiffs and Rule 23 Plaintiffs in accordance with the NYLL's and NYCCRR's overtime provisions.

97.     Defendants willfully violated the NYLL and the NYCCRR.

98.     Plaintiffs and Rule 23 Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective standard rates of pay.

99.     Plaintiffs and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorney's fees for the Defendants' violation of the NYLL's and NYCCRR's overtime provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Minimum Wage Violations Under the NYLL and NYCCRR*

100.    Plaintiffs and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

101.    NYLL § 652(1) and the executing provisions of 12 NYCCRR 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

102.    Defendants are employers within the meaning of the NYLL and NYCCRR while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL and NYCCRR.

103.    Defendants failed to compensate Plaintiffs and Rule 23 Plaintiffs for all hours worked at the minimum hourly rate required by the NYLL and NYCCRR.

104.    The Defendants' actions were in willful violation of the NYLL and NYCCRR.

105.    At the least, Plaintiffs and Rule 23 Plaintiffs are entitled to pay at the minimum wage rate for all hours worked each week.

106.    Plaintiffs and Rule 23 Plaintiffs are also entitled liquidated damages, interest, and attorney's fees for the Defendants' violation of the NYLL's and NYCCRR's minimum wage provisions.

## FIFTH CLAIM OF RELIEF AGAINST DEFENDANTS
### *Failure to Pay Wages Under the NYLL*

107.    Plaintiffs and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

108.    NYLL §§ 190, 191, and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

109.    Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

110.    Defendants failed to compensate Plaintiffs and Rule 23 Plaintiffs at their regular rates of pay for each hour that they worked in accordance with their terms of employment.

111.    Defendants' actions were in willful violation of the NYLL.

112.    Plaintiffs and Rule 23 Plaintiffs are entitled to recover, at their respective regular rates of pay, for all hours that they worked for Defendants but for which they were not compensated.

113.    Plaintiffs and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorney's fees for Defendants' failure to pay Plaintiffs and Rule 23 Plaintiffs their wages in accordance with the agreed terms of employment.

## SIXTH CLAIM FOR RELEIF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Statements Under the NYLL*

114.    Plaintiffs and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

115.    NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

116.    Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

117.    Defendants willfully failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate wage statements on each payday containing the criteria required by the NYLL.

118.    Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs and Rule 23 Plaintiffs up to the statutory maximum.

119.    In addition, Plaintiffs and the Rule 23 Plaintiffs are also entitled to attorney's fees and costs for Defendants' violation of NYLL § 195(3).

**SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Notices Under the NYLL*

120.     Plaintiffs and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

121.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire and any time their pay rate changes containing accurate, specifically enumerated criteria.

122.     Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

123.     Defendants willfully failed to provide Plaintiffs and the Rule 23 Plaintiffs with an accurate wage notice containing the criteria enumerated under the NYLL.

124.     Pursuant to NYLL § 198, Defendants are liable to Plaintiffs and the Rule 23 Plaintiffs up to the statutory maximum.

125.     In addition to the statutory penalties, Defendants are also liable to Plaintiffs and the Rule 23 Plaintiffs for attorney's fees and costs.

**EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**ON BEHALF OF PLAINTIFFS RAMIREZ AND MARTINEZ ONLY**
*Retaliation Under the FLSA*

126.     Plaintiffs Ramirez and Martinez repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

127.     Plaintiffs Ramirez and Martinez engaged in a protected activity by opting-in to this lawsuit on June 9, 2015 to remedy the FLSA and NYLL violations of the Defendants.

128.     After learning of their protected activity, Defendants took adverse action against Plaintiffs Ramirez and Martinez by reducing their wage rates down to ten dollars per hour.

129.   Plaintiffs Ramirez and Martinez fear for their job security as a result of this event.

130.   Plaintiffs Ramirez and Martinez were caused to suffer economic damages and emotional distress as a result of this reduction in their pay.

131.   In addition to their compensatory damages, the Defendants are also liable for punitive and liquidated damages for their retaliatory conduct.

132.   Accordingly, Defendants retaliated against Plaintiffs Ramirez and Martinez for engaging in a protected activity in violation of the FLSA.

### NINTH CLAIM OF RELIEF AGAINST DEFENDANTS
### ON BEHALF OF PLAINTIFFS RAMIREZ AND MARTINEZ ONLY
#### *Retaliation Under the NYLL*

133.   Plaintiffs Ramirez and Martinez repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

134.   NYLL § 215(1)(a) prohibits employers or their agents from discharging or otherwise discriminating or retaliating against any employee for having made a complaint regarding any violation of the NYLL.

135.   Plaintiffs Ramirez and Martinez engaged in a protected activity by opting-in to this lawsuit on June 9, 2015 to remedy the FLSA and NYLL violations of the Defendants.

136.   After learning of their protected activity, Defendants took adverse action against Plaintiffs Ramirez and Martinez by reducing their wage rates down to ten dollars per hour.

137.   Plaintiffs Ramirez and Martinez fear for their job security as a result of this event.

138.   Plaintiffs Ramirez and Martinez were caused to suffer economic damages and emotional distress as a result of this reduction in their pay.

139.   In addition to their compensatory damages, the Defendants are also liable for punitive and liquidated damages for their retaliatory conduct.

140.     Accordingly, Defendants retaliated against Plaintiffs Ramirez and Martinez for engaging in a protected activity in violation of the NYLL.

## DEMAND FOR A JURY TRIAL

141.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.     Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.     An order restraining Defendants from any further retaliation against any individual for participating in this lawsuit in any form;

d.     Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.     Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f.      All damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

h.      Punitive damages for the Defendants' retaliatory conduct in violation of the FLSA and the NYLL, as well as all other damages available under those sections, including but not limited to back pay, front pay, emotional distress damages, and all other damages recoverable under that section;

i.      Awarding Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs, and an award of a service payment to Plaintiffs;

j.      Designation of Plaintiffs and their counsel as class/collective action representatives under the FLSA and the FRCP;

k.      Pre-judgment and post-judgment interest, as provided by law;

l.      Granting Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief

as this Court finds necessary and proper.

Dated:  Great Neck, New York
        July 27, 2015

                                        Respectfully submitted,
                                        BORRELLI & ASSOCIATES, P.L.L.C.
                                        *Attorneys for Plaintiff*
                                        1010 Northern Boulevard, Suite 328
                                        Great Neck, New York 11021
                                        Tel.:   (516) 248 – 5550
                                        Fax.:   (516) 248 – 6027

                                By:     _____
                                        VIVIAN WALTON (VW 6515)
                                        ALEXANDER T. COLEMAN (AC 1717)
                                        MICHAEL J. BORRELLI (MB 8533)