# BORRELLI & ASSOCIATES

## ──── P.L.L.C. ────

www.employmentlawyernewyork.com

<table>
<tr><td>655 Third Avenue</td><td>1010 Northern Boulevard</td></tr>
<tr><td>Suite 1821</td><td>Suite 328</td></tr>
<tr><td>New York, NY 10017</td><td>Great Neck, NY 11021</td></tr>
<tr><td>Tel. No. 212.679.5000</td><td>Tel. No. 516.248.5550</td></tr>
<tr><td>Fax No. 212.679.5005</td><td>Fax No. 516.248.6027</td></tr>
</table>

August 26, 2015

*Via ECF*
The Honorable Andrew J. Peck
United States Magistrate Judge for the
Southern District of New York
500 Pearl Street
New York New York 10007

> Re:    *Navarro & Dahi v. Bruckner Forever Young Social Adult Day Care Inc, et al.;*
>           *Docket No. 15-CV-00064 (AJP)*

Dear Judge Peck:

We represent the Plaintiffs Angel Navarro, Evelyn Dahi, Rafael Ramirez and Wilkins Martinez, (collectively as "Plaintiffs"), in the above-referenced matter that has been conditionally certified as a Fair Labor Standards Act collective action pursuant to 29 U.S.C. § 216(b) and write, pursuant to Federal Rule of Civil Procedure 37, Local Rule 37.2, and Section 2.B. of the "Individual Practices of Magistrate Judge Andrew J. Peck," to request a pre-motion discovery conference with respect to Plaintiffs' anticipated motion for an Order: (1) compelling the Defendants to submit their Rule 26(a)(1) Initial Disclosures, as well as responses to Plaintiffs' document requests, interrogatories, requests for admissions, and to submit to the deposition notices served in this matter; (2) precluding Defendants from asserting that the entity Temana Transportation, Inc. ("Temana") employed any of the Plaintiffs in this matter; (3) sanctioning the Defendants by requiring them to pay Plaintiffs' attorneys' fees expended in preparing this letter motion; and (4) extending the opt-in period until September 11, 2015, due to the Defendants' delay in producing the list of the putative collective. Plaintiffs also request an Order warning the Defendants that if they do not comply with any future discovery orders, then this Court will strike their pleadings, enter default judgment against them, and proceed to an inquest on damages.

### A. Plaintiffs Request that the Court Compel Defendants to Serve Their Initial Disclosures and Respond to Plaintiffs' Discovery Requests

Federal Rule of Civil Procedure 37 ("Rule 37") provides for the imposition of sanctions if a party fails to obey an order to provide discovery or fails to obey an order entered under Rule 26(f). *See* F.R.C.P. Rule 37; *see also Overton v. Ameriquest Mortg. Co.*, 2006 WL 2504404, at *3 (S.D.N.Y. Aug. 28, 2006). Rule 37(b) also provides that the court shall require the disobedient party (or their attorney, or both) to pay the reasonable expenses and attorneys' fees caused by the failure to respond. *Id.*; *see also Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979) (finding that the least severe of the sanctions is an order to reimburse the opposing party for expenses caused by the failure to respond). A court may also issue other sanctions including but not limited to precluding defendants from interposing any objections to plaintiffs' interrogatories and/or document requests, striking pleadings in whole or in part, and rendering a default judgment. *See Chowdhury v. Hamza Express Food Corp.*, 2015 WL 3622296, at *5-10 (S.D.N.Y. June 9, 2015) (finding it necessary to strike the defendants' answer and counterclaims and grant default judgment against the defendants pursuant to Rule 37 because of defendants' repeated failure to comply with magistrate judge's discovery orders).

Whether to impose sanctions, and if so, which ones to impose, are matters left to the sound discretion of the court. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 642 (1976); *see also Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002); *Chowdhury*, 2015 WL 3622296, at *5. In assessing whether sanctions are appropriate under the circumstances of a given case, courts analyze:

> (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance . . . However, these factors are non-exclusive, and the district court has wide discretion in issuing 'just' sanctions under Rule 37.

*Chowdhury*, 2015 WL 3622296, at *5.

Courts can grant the entry of a default judgment as a sanction when there is willful misconduct. *Chowdhury*, 2015 WL 3622296, at *8 (granting a default judgment against the defendants for initially violating the court's order to submit responses and then continuously submitting deficient responses); *see also Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67,

70-72 (2d Cir.1988) (upholding judgment entered under Rule 37 in plaintiff's favor where defendants acted in bad faith and refused to comply with discovery orders); *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1064 (2d Cir. 1979). While dispositive relief is a severe sanction that should cautiously be granted, a continuously dilatory effort on the part of the deficient party will satisfy the threshold for entering a default judgment under Rule 37. *See World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012); *U.S. Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 955 (2d Cir. 1983). This is because "[the] advertent disregard for a Court order justifies the imposition of a default judgment, in order to carry out the purposes of Rule 37. While a default judgment is 'an extreme measure, discovery orders are meant to be followed.'" *In re Sumitomo Copper Litigation*, 204 F.R.D. 58, 60 (S.D.N.Y. 2001) (quoting *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 853 (2d Cir. 1995)). In the Second Circuit, "a party who flouts [discovery] orders does so at his peril." *Update Art*, 843 F.2d at 73.

According to the June 15, 2015 Order in this matter, mandatory Rule 26(a)(1) Initial Disclosures were due by June 30, 2015. Pursuant to that Order, on June 22, 2015, Plaintiffs served their Initial Disclosures and various discovery requests upon Defendants' prior counsel in this matter, Kaplan Kravet & Vogel. *See* the attached June 22, 2015 email to the Defendants serving upon them the Rule 26(a)(1) Initial Disclosures, Plaintiffs' Request for Admissions, 30(b)(6) Notice of Deposition, Notice of Deposition for Felix Gershkovitch, Plaintiffs' First Set Of Interrogatories, and Plaintiffs' Request for Production of Documents. On July 15, 2015, Your Honor granted permission to Anna Rusanov, Esq to substitute in as Defendants' counsel. On July 17, 2015, at the previously scheduled status conference, Ms. Rusanov did not show. *See* Docket Entry Nos. 50 and 55. At the rescheduled conference on July 24, 2015, Your Honor allowed Plaintiffs' counsel to seek attorneys' fees as a sanction for Defendants' failure to appear at the July 17, 2015 conference. Plaintiffs' counsel chose not to seek attorneys' fees at that time. *See* the July 24, 2015 Status Conference Transcript ("July 24 Transcript"), at P. 11.[1]

Before the conference on July 24, 2015, Plaintiffs notified Ms. Rusanov that we had not received Defendants' Rule 26(a)(1) Initial Disclosures, responses to *any of our discovery requests*, nor new dates for the noticed depositions. During the status conference that day, Ms. Rusanov promised the Court, on the record, that Defendants would submit their discovery responses by July 28, 2015 – a date that she herself chose. Your Honor so ordered that promise ("July 24 Order"). *See* the July 24 Transcript, P. 2 ("Okay. Good. So ordered. And that means Tuesday [, July 28, 2015,] is a definite, not a target."). Also at the conference, Defendants noted that they would explore the extent to which they would allege that any of the Plaintiffs were employees of the entity Temana, and not of the currently-named Defendants,

---

[1] Only the relevant pages of the July 24 Transcript have been attached in order to comply with the filing page limit in the Court's Individual Rules.

and that they would apprize the Plaintiffs of their findings soon after the July 24 conference. Your Honor also addressed that issue as time sensitive during the conference.

Since the July 24, 2015 conference, the Defendants have continuously violated the Court's Order by not producing their responses on July 28, 2015, and instead telling me that they would submit them on July 30, 2015. While that was bad enough, they did not produce their responses on July 30, 2015. Plaintiffs followed up and requested responses again on August 3, 2015, but on August 4, 2015, Defendants indicated that they were still awaiting documents from an accountant to complete the document production. This of course does not address their dilatory efforts in submitting the Initial Disclosures, responding to the Request for Admissions, Plaintiffs' Interrogatories, supplying new deposition dates, or producing the documents that they had. It also does not excuse their failure to address this with the Court to seek a modification of Your Honor's Order.

On August 7, our office wrote to defense counsel[2] and, for a fourth time, requested Defendants' discovery responses, and inquired about the Temana defense issue. Although the Defendants responded on August 10, 2015 regarding other matters, they still did not address the outstanding discovery responses, or the Temana defense issue.

To date, this office has not heard from the Defendants regarding either the submission of their initial disclosures, any of their discovery responses, new dates upon which to conduct the two depositions noticed in this matter, or the Temana defense issue. Thus, Plaintiffs now request that this Court compel the Defendants to submit their initial disclosures and their discovery responses by a date certain and provide new deposition dates. Plaintiffs also request that the Court specifically warn Defendants that if they do not comply with every facet of its Order that the Court will strike their answer, enter a default, and proceed to schedule an inquest on damages.

### B. Plaintiffs Request that this Court Preclude Defendants From Asserting a Defense that any of the Plaintiffs Worked For Temana

During the July 24, 2015 conference, Your Honor ordered that Defendants notify the Plaintiffs as to whether the Defendants would assert a defense claiming that any of the Plaintiffs worked for the entity Temana and not for them. *See* the July 24 Transcript, P. 7-8 ("THE COURT: If you are claiming that the reason these plaintiffs are not entitled to any money from the defendants is because they were employed by somebody else, that's something

---

[2] In the interim, the Defendants had not paid the last settlement installment by July 31, 2015, pursuant to the Mota Settlement Agreement, so ordered by this Court on May 27, 2015. *See* Docket Entry No. 43. The August 7, 2015 letter primarily referred to this issue, but also included the lack of discovery responses and an update regarding the Temana issue.

that better be made clear to the Court and to plaintiffs' counsel, and if that is indeed the defense, then plaintiff is given permission to amend to bring in the new entity."). Plaintiffs have requested an update on this issue via email and through the above-mentioned August 7, 2015 letter. To date, as explained above, the Defendants have not notified the Plaintiffs of their position on this issue. Although Your Honor cautioned during the conference to let the Plaintiffs know sooner rather than later about this possible defense, the Defendants violated the Order by remaining mum on this issue. As such, the Plaintiffs request that the Defendants be precluded from asserting any defense that any of the Plaintiffs worked for Temana and not for them.[3]

## C. Plaintiffs Request That The Court Sanction The Defendants By Requiring Them To Pay Plaintiffs' Attorneys' Fees Expended In Preparing This Letter Motion

As noted above, Plaintiffs did not seize on their opportunity to seek attorneys' fees for the Defendants' failure to appear on July 17, 2015. The Defendants' current dilatory efforts, however, have the exceeded the normal wear and tear of this litigation vehicle. Thus, the Plaintiffs now request, as a sanction, reasonable attorneys' fees and costs expended in drafting this letter motion requesting a pre-motion conference as well as any fees associated with attending that conference or having to brief the issues further. As stated above, pursuant to Rule 37, the Court has discretion to and should order this as a sanction. *See Cine Forty-Second St. Theatre Corp.*, 602 F.2d at 1066 (finding that the least severe of the sanctions is an order to reimburse the opposing party for expenses caused by the failure to respond); *see also Overton*, 2006 WL 2504404, at *3. Should the Court grant this request, Plaintiffs will submit a short fee application in support of their claimed rates and hours.

## D. Plaintiffs Request That This Court Extend the Opt-In Period Due to Defendants' Delay in Supplying Necessary Information

By July 24, 2015, this case had two lead plaintiffs and three opt-in plaintiffs. As a result, at that conference, the parties advised the Court that they agreed to stipulate to conditional certification of a collective pursuant to 29 U.S.C. § 216(b) and to the sending of notice to putative opt-ins. On July 27, 2015, Your Honor so ordered the parties' Stipulation for Conditional Certification on July 27, 2015, requiring Defendants to provide Plaintiffs with an employee list by August 3, 2015, and giving the individuals on the list until September 4,

---

[3] Late on August 25, 2015, in the midst of drafting this letter to the Court, Plaintiffs received an email from Ms. Rusanov that primarily requested an extension to time to file Defendants' Amended Answer, but also mentioned Temana in passing. The email stated that Temana is a separately owned entity unrelated to the current Defendants. Defendants, however, still have not asserted whether they will claim that any of the Plaintiffs worked for Temana and not for them.

2015 to opt-in.  As should be an obvious theme, Defendants did not provide this list until August 10, 2015, and then supplemented the list on August 11, 2015.  Thus, Plaintiffs' office could not compile the list and mail the notices until later than planned.  We mailed 62 notices. In response to the mailings, five individuals have filed opt-ins with the Court. *See* Docket Entry Nos. 62, 63, 64, 65 and 66.  Due to the Defendants' delay in providing us with the list and the obvious interest from the putative collective, Plaintiffs request that the opt-in period be extended until September 11, 2015, to allow for the full thirty days that this Court allotted in its July 24, 2015 Order. *See* the July 24 Transcript, P. 9.

We thank the Court for its attention to these matters.

Respectfully,

Vivian Walton, Esq.
*For the Firm*

VW:jp