# BORRELLI & ASSOCIATES
## ——— P.L.L.C. ———
www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 1010 Northern Boulevard |
| Suite 1821 | Suite 328 |
| New York, NY 10017 | Great Neck, NY 11021 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

September 18, 2015

*Via ECF*
The Honorable Andrew J. Peck
United States Magistrate Judge for the
Southern District of New York
500 Pearl Street
New York New York 10007

　　　　　Re:　　*Navarro & Dahi v. Bruckner Forever Young Social Adult Day Care Inc, et al.;*
　　　　　　　　*Docket No. 15-CV-00064 (AJP)*

Dear Judge Peck:

　　　　In the above-referenced wage and hour matter that the Court has conditionally certified as a Fair Labor Standards Act collective action pursuant to 29 U.S.C. § 216(b), we represent the Plaintiffs, Angel Navarro, Evelyn Dahi, Rafael Ramirez and Wilkins Martinez, as well as the fifteen individuals who have thus far opted-into this case, (all, collectively, as "Plaintiffs"). We write to apprise the Court of Defendants' continued failure to respond at all to Plaintiffs' Request for Admissions or Plaintiffs' First Set of Interrogatories, and failure to respond completely to Plaintiffs' Request for Production of Documents ("discovery requests").

　　　　At the September 10, 2015 conference in this matter, Defendants represented to the Court that they would <u>fully respond</u> to Plaintiffs' discovery requests by that day or the next day, September 11, 2015.  Your Honor so-ordered same in the September 10, 2015 Order ("Order").  While we received the Defendants' First Set of Responses to Plaintiffs' Requests for Document Production ("document responses") on September 11, 2015, Plaintiffs have yet to receive the Defendants' responses to Plaintiffs' Request for Admissions, or Plaintiffs' First Set of Interrogatories, in violation of the Order.[1]

---

[1] Plaintiffs' Requests for Document Production, Request for Admissions and Plaintiffs' First Set of Interrogatories are attached as exhibits to this letter.

In addition, a review of Defendants' document responses revealed several deficiencies such as:

1. Request 3: Defendants objected to producing information regarding their finances. As this is an FLSA case, unless Defendants are stipulating to the $500,000 threshold, plaintiffs are entitled to the financial information from the Defendants so as to establish enterprise coverage.  Or in the alternative, due to the Defendants' consistent refusal to comply with the Court's discovery orders, Plaintiffs request that the Court make a finding of fact that the Defendants' gross sales or business volume was at least $500,000 for each year relevant to Plaintiffs' FLSA claims. *See Brady v Patino Parking*, 2015 WL 513180, *2 (S.D.N.Y. Jan. 22, 2015) (granting monetary sanctions and making a finding of fact that Defendants' gross sales or business volume was at least $500,000 for each year relevant to Plaintiff's FLSA claims due to Defendants' continued failure to comply with the court's orders to produce documents, the apparent willfulness of their noncompliance, and the resulting prejudice to Plaintiff).

2. Requests 4 & 5: Defendants maintain they have responded to these Requests by way of the driver-listing of names and addresses they supplied in connection with the potential collective.  These Requests, however, refer to all employees, and also request information in addition to their addresses, such as their titles, dates of employment and phone numbers.  The Defendants' response was incomplete.

3. Requests 8 - 11:  Plaintiffs received no personnel files in response to this request. Defendants indicated that they will provide the personnel files for all Plaintiffs once the opt-in period is over, but as of September 10, 2015, the day before Defendants' response, there were 4 lead plaintiff and 11 opt-in plaintiffs.  As Defendants' responses were already way past the due date, Defendants could have produced the personnel files of these fifteen individuals and supplemented their production for the remaining opt-in Plaintiffs.

4. Request 17 & 18:  Defendants have failed to produce the route sheets for each of the drivers.  Plaintiffs request that the Court compel the Defendants to produce this information as it pertains to the amount of driving the Plaintiffs were instructed to complete during their employment, which is obviously information relevant to the hours they allege to have worked for the Defendants.

5. Request 19: Defendants have not produced the payroll records requested, and have indicated that they will be produced under separate cover – but with no indication of when that will be.

6. Request 40, 41 & 43: The Defendants directed Plaintiffs to "see documents annexed hereto."  Defendants produced a 206-page response, where twenty-two pages consisted of their formal response, Exhibit A consisted of seventeen pages regarding the Defendants' corporate structures, and Exhibit B consisted of 167

pages reflecting each Defendants' handbook/policies.  As all of the pages are unmarked with no bates-stamping to identify the pages, it is unclear which part of this production is responsive to these Requests for documents that support the allegations or defenses in this matter, or documents concerning communications among Defendants' employees regarding this matter. *See, e.g., Ng v. HSBC Mortgage Corp*, 2009 WL 205048, *3 (E.D.N.Y. Jan. 27, 2009) (ordering the disclosing party to produce a complete set of copies of all documents responsive to the requests with bates-numbering, and indicating by bates-number, the documents responsive to each of the requests).

I contacted Defendants; counsel yesterday by email regarding all of the above-mentioned deficiencies, but I have not received a reply from Defendants concerning these issues as of the time of filing.  Plaintiffs' counsel is scheduled to conduct the Defendants' 30(b)(6) deposition next Friday, September 25, 2015, and has not had a chance to review the necessary document production in preparation for same.

### A. Plaintiffs Request That The Court Sanction The Defendants By Requiring Them To Pay Plaintiffs' Attorneys' Fees Expended In Preparing This Letter Motion

Federal Rule of Civil Procedure 37 ("Rule 37") provides for the imposition of sanctions if a party fails to obey an order to provide discovery or fails to obey an order entered under Rule 26(f). *See* F.R.C.P. Rule 37; *see also Overton v. Ameriquest Mortg. Co.*, 2006 WL 2504404, at *3 (S.D.N.Y. Aug. 28, 2006).  Rule 37(b) also provides that the court shall require the disobedient party (or their attorney, or both) to pay the reasonable expenses and attorneys' fees caused by the failure to respond. *Id.*; *see also Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979) (finding that the least severe of the sanctions is an order to reimburse the opposing party for expenses caused by the failure to respond).  A court may also issue other sanctions including but not limited to precluding defendants from interposing any objections to plaintiffs' interrogatories and/or document requests, striking pleadings in whole or in part, and rendering a default judgment. *See Chowdhury v. Hamza Express Food Corp.*, 2015 WL 3622296, at *5-10 (S.D.N.Y. June 9, 2015) (finding it necessary to strike the defendants' answer and counterclaims and grant default judgment against the defendants pursuant to Rule 37 because of defendants' repeated failure to comply with magistrate judge's discovery orders).

Whether to impose sanctions, and if so, which ones to impose, are matters left to the sound discretion of the court. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 642 (1976); *see also Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d

99, 107 (2d Cir. 2002); *Chowdhury*, 2015 WL 3622296, at *5. In assessing whether sanctions are appropriate under the circumstances of a given case, courts analyze:

> (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance . . . However, these factors are non-exclusive, and the district court has wide discretion in issuing 'just' sanctions under Rule 37.

*Chowdhury*, 2015 WL 3622296, at *5.

In accordance with Your Honor's September 10, 2015 Order allowing Plaintiffs the opportunity to report any discovery deficiencies, Plaintiffs request permission to add the attorneys' fees expended on writing this letter (concerning Defendants' continued failure to respond, and respond appropriately, to discovery requests) to the fees already awarded in connection with Plaintiffs' August 26, 2015 letter concerning Defendants' initial failure to respond.[2]

### B. Plaintiffs Request That This Court Enter a Default Judgment Against the Defendants for Their Dilatory Efforts in This Matter Thus Far

Courts can grant the entry of a default judgment as a sanction when there is willful misconduct. *Chowdhury*, 2015 WL 3622296, at *8 (granting a default judgment against the defendants for initially violating the court's order to submit responses and then continuously submitting deficient responses); *see also Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 70-72 (2d Cir.1988) (upholding judgment entered under Rule 37 in plaintiff's favor where defendants acted in bad faith and refused to comply with discovery orders); *Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1064 (2d Cir. 1979). While dispositive relief is a severe sanction that should cautiously be granted, a continuously dilatory effort on the part of the deficient party will satisfy the threshold for entering a default judgment under Rule 37. *See World Wide Polymers, Inc. v. Shinkong*

---

[2] Plaintiffs have forwarded to opposing counsel the relevant portions of the billing relating to the work involved in submitting Plaintiffs' August 26, 2015 Letter Motion for sanctions in an effort to work these initial fees out without having to submit a fee application. We currently await defense counsel's response. If we do not have a response by next week, Plaintiffs will move forward and submit the fee application for same. Should the Court grant this request, Plaintiffs will add these fees and costs to the fee application already allowed in this matter regarding the fees and costs connected with Plaintiffs' August 26, 2015 letter.

*Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012); *U.S. Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 955 (2d Cir. 1983). This is because "[the] advertent disregard for a Court order justifies the imposition of a default judgment, in order to carry out the purposes of Rule 37. While a default judgment is 'an extreme measure, discovery orders are meant to be followed.'" *In re Sumitomo Copper Litigiation*, 204 F.R.D. 58, 60 (S.D.N.Y. 2001) (quoting *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 853 (2d Cir. 1995)). In the Second Circuit, "a party who flouts [discovery] orders does so at his peril." *Update Art*, 843 F.2d at 73.

In Plaintiffs' last letter to Your Honor, we requested that the Court warn Defendants that if they do not comply with its Order, that the Court will strike their answer, enter a default judgment against them, and proceed to schedule an inquest on damages. Due to Defendants' continuous dilatory efforts, and their violations of both the July 24, 2015 and September 10, 2015 Orders, Plaintiffs, for a second time, request that the Court issue this same warning to the Defendants regarding default judgment against them should they continue to violate the Court's orders.

We thank the Court for its attention to these matters.

Respectfully,

Vivian Walton, Esq.
*For the Firm*

VW:jp