# BORRELLI & ASSOCIATES
## ———— P.L.L.C. ————
www.employmentlawyernewyork.com

| 655 Third Avenue | 1010 Northern Boulevard |
|---|---|
| Suite 1821 | Suite 328 |
| New York, NY 10017 | Great Neck, NY 11021 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

November 17, 2015

*Via ECF*
The Honorable Andrew J. Peck
United States Magistrate Judge for the
Southern District of New York
500 Pearl Street
New York New York 10007

      Re:    *Navarro & Dahi v. Bruckner Forever Young Social Adult Day Care Inc, et al.;*
            *Docket No. 15-CV-00064 (AJP)*

Dear Judge Peck:

As the Court knows, we represent the Plaintiffs, Angel Navarro, Evelyn Dahi, Rafael Ramirez and Wilkins Martinez, as well as the eighteen individuals (all, collectively, as "Plaintiffs") who have opted-in to this wage and hour matter that the Court conditionally certified as a Fair Labor Standards Act collective action pursuant to 29 U.S.C. § 216(b). As the Court knows from a letter filed on October 2, 2015, the Parties have agreed to settle this matter on behalf of a Rule 23 class. Based on that letter, the Court initially gave the parties until November 2, 2015, to submit their joint motion for preliminary approval of the settlement and requested that the Parties submit the papers earlier if at all possible. On November 2, 2015, Your Honor approved the Parties' joint request for an extension until December 2, 2015, and cautioned that the Court was unlikely to grant any further extensions.

Our office learned last night that Vivian Walton, the attorney at our Firm who made all court appearances on this case, who primarily handled all discovery and interaction with opposing counsel, and who was to assume primary responsibility for preparing the first draft of the settlement papers, was resigning from our Firm effective immediately, with no notice, and without having commenced drafting any of the documents. Regardless, as Ms. Walton's supervising attorney who is familiar with this case, I am fully prepared to assume the primary

drafting responsibilities and meet the Court's deadline.  To that end, this morning, my office contacted Defendants' counsel with the following proposed schedule:

> By November 25, 2015: We will submit our draft of all motion papers to Defendants' counsel.

> By November 30, 2015: Defendants' counsel will return the draft with any proposed revisions.

> By December 2, 2015:  We will file the final motion.

Unfortunately, in response, Defendants' counsel advised that he will not be available until mid-December to review the draft that we send to him.  Accordingly, Defendants' counsel proposed asking the Court for an extension.  We replied that we would consent to counsel's request, but on the condition that Defendants' counsel explain to the Court that it was his schedule forcing the request and not any issue on our end with meeting the deadline. Defendants' counsel stated that he would not include this in a letter to the Court, forcing us to write this letter.

As a result of all of the above, we write to bring this situation to the Court's attention. As stated, our office remains committed to meeting the Court's deadline even under the difficult circumstances that Ms. Walton has put us in.  But based on Defendants' counsel's schedule, we leave it to the Court to determine if an extension through the end of December is warranted.

We thank the Court for its attention to this matter and would also be available for a phone conference today or Thursday of this week or any time next week if the Court wishes to discuss.

Respectfully submitted,

Alexander T. Coleman, Esq.
*For the Firm*

To: All Counsel via ECF

2