UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
ANGEL NAVARRO, EVELYN DAHI,
RAFAEL RAMIREZ, and WILKINS
MARTINEZ, on behalf of themselves,
individually, and on behalf of all others
similarly situated,

          Plaintiffs,

  -against-

BRUCKNER FOREVER YOUNG SOCIAL
ADULT DAY CARE INC., and
EASTCHESTER'S FOREVER YOUNG
SOCIAL ADULT DAY CARE INC., and
QUEENS FOREVER YOUNG SOCIAL
ADULT DAY CARE INC., and FOREVER
YOUNG SOCIAL ADULT DAY CARE INC.,
and FELIX GERSHKOVITCH, in his
individual and professional capacities,

          Defendants.
------------------------------------- X

15-cv-00064 (AJP)

## DECLARATION OF ALEXANDER T. COLEMAN, ESQ.

ALEXANDER T. COLEMAN declares pursuant to 28 U.S.C. § 1746 as follows:

1.    I am a partner at the law firm Borrelli & Associates P.L.L.C. ("Firm"), attorneys for Named Plaintiffs Angel Navarro, Evelyn Dahi, Rafael Ramirez, and Wilkins Martinez, as well as Opt-in Plaintiffs Freddy Batista, Eli Cepeda, John Cruz, William Duenas, Eric Espaillat, Javiar Espinal, Daker Fabien, Juan Ferraras, Miguel Gaspar, Diego Mateo, Eddy Nieves, Kevin Nieves, Jupanky Pimentel, O'Neil Satchwell, David Sinclair, William Troche-Gonzalez, Tommy Vasquez and Flex Yahweh (the "Opt-in Plaintiffs,") (together with the Named Plaintiffs as "Plaintiffs") (Plaintiffs, with Defendants, as "the Parties") in the above-captioned matter. I submit this Declaration in support of the Parties' Motion for Preliminary Approval of the

1

Settlement, Conditional Certification of Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Proposed Notice of Settlement and Class Action Settlement Procedure.

2. On January 5, 2015, my Firm, on behalf then named-Plaintiff Rafael Mota, filed a Complaint in this Court asserting Federal and New York claims for unpaid overtime and other unpaid wages and statutory damages, on behalf of himself and those similarly-situated. Two individuals joined the action by filing opt-in forms while Mota was still a party. On May 27, 2015, Plaintiff Mota and Defendants settled Mota's claims only.

3. On July 27, 2015, Named Plaintiffs Angel Navarro, Evelyn Dahi, Rafael Ramirez, and Wilkins Martinez filed an Amended Complaint asserting claims for unpaid overtime and other wages and statutory penalties, on behalf of themselves and those similarly-situated pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. Pro. 23.

4. Between July 24, 2015 and September 22, 2015, eighteen Opt-in Plaintiffs filed consents to join this action.

5. The Parties completed paper discovery, which included substantial document exchange, responses to interrogatories, and requests for admission. From this exchange of discovery, it is obvious that Defendants did not maintain records of Plaintiffs' hours worked. However, the Defendants vigorously dispute Plaintiffs' recollection of their hours, and contend that to the extent there was any overtime worked, it was *de minimis*.

6. Based on the twenty-two Plaintiffs' recollection of working sixty hours per week, during every week of their employment, their actual damages, without accounting for liquidated damages, amount to $687,103.52. Defendants however, assert that Plaintiffs' damages, if any,

do not approach six figures.  Accordingly, without accurate documentation, issues of fact exist that motion practice is not likely to resolve.

7. Additionally, throughout discovery, Defendants have maintained an inability to withstand a judgment that Plaintiffs' math would support.  After thoroughly reviewing Defendants' financial statements and tax returns, and completing extensive asset searches on the entity and individual defendants, Plaintiffs are satisfied that the Defendants are paying all that they can, and that continuing on will likely result in a diminished ultimate recovery as the Defendants deplete their remaining assets to fund their defense.

8. Moreover, discovery has revealed the presence of enough similarly-situated individuals to support the existence of a Rule 23 class of about sixty total individuals, including the twenty-two Plaintiffs.  Given the Defendants' financial state and the relatively small size of the putative class, the Parties agreed to participate in mediation.

9. The Parties successfully mediated this case on October 1, 2015, with the assistance of Martin F. Scheinman, Esq., a highly-experienced employment and labor law arbitrator and mediator.  This mediation was attended by my Firm's managing partner, Michael J. Borrelli, Esq. and former associate Vivian Walton, Esq., and by Ira Sturm, Esq. on behalf of the Defendants.

10. Ultimately, with Mr. Scheinman's assistance, the Parties agreed to settle the alleged claims of the putative class, including the individual claims of the Named Plaintiffs and Opt-in Plaintiffs, for the total Settlement Amount of $475,000.00, inclusive of attorneys' fees, expenses, administrative fees, and enhancement awards, but exclusive of the employer's share of any payroll taxes typically associated with wage payments reported on an IRS Form W-2.  The Parties agreed to define the putative class - - which is really two overlapping classes under the

Fair Labor Standards Act and New York Labor Law - - as any individual employed with Defendants as a driver between January 5, 2009 and December 30, 2015, who did not receive overtime pay for hours worked each week over forty or minimum wage pay for all hours worked.

11. The Parties reduced the material terms to which they agreed at the mediation, and all other terms, to a comprehensive settlement agreement ("Agreement"), which is attached hereto as Exhibit A.

12. As to the payments comprising the Settlement Amount, Defendants agreed to pay: $300,000.00 by no later than thirty days after the Court grants preliminary approval of the settlement; $87,500.00 within ninety days after the Court grants preliminary approval of the settlement; and $87,500.00 within 180 days after the Court grants preliminary approval of the settlement. The funds will be released within ten days of the settlement amount being fully funded, or within ten days of the Final Effective Date of the Agreement, as explained in the Agreement, whichever is later.

13. As stated in the Agreement, Defendants agree that the Administrator shall be an administration company of my Firm's choice. After diligently researching different administration companies and comparing their proposed rates, my Firm has chosen the company Simpluris, Inc. to serve as the administrator of this settlement. More information on this company can be found at the website "simpluris.net." All Administration Fees shall be deducted from the Settlement Amount.

14. Attorneys' fees are to be paid from the Settlement Amount in the amount, subject to court approval, of one-third of the Settlement Amount, plus my Firm's out-of-pocket expenses spent prosecuting and settling this case.

15.     Enhancement Awards, subject to court approval, shall be awarded to the Named Plaintiffs in the amount $3,500.00 each and the Opt-in Plaintiffs in the amount of $1,500 each, and will be deducted from the Settlement Amount.

16.     After deduction of Attorneys' Fees and Expenses, the Administration Fees, and Enhancement Awards, the balance of the Settlement Amount shall be paid to the Class Members. To determine each Class Member's share, the Settlement Amount, after those deductions, will be divided by the aggregate number of points (each week worked is worth one point) accrued by all of the Class Members and any points that would have been attributable to any individuals who opted-out of the settlement had they remained a Class Member ("Point Value"). Each Class Member's total points will be multiplied by the Point Value to determine his/her "Individual Settlement Amount."

17.     Fifty percent (50%) of each Individual Settlement Amount will be characterized as back wages and be subject to all required employee paid payroll taxes (federal income taxes, state income taxes, employee's share of FICA and FUTA taxes, and any other legally-required deductions), which will be deducted from the Class Member's payment. The other fifty percent (50%) of each Individual Settlement Amount will be characterized as payment for liquidated damages and interest, and will be treated as 1099 income to the Class Member.

18.     No Class Member will be required to submit a claim form to receive payment. Rather, checks will be mailed to all Class Members who do not exclude themselves from the settlement.

19.     As set forth further in the Settlement Agreement, Class Members will have six months to cash their checks. After the initial round of payment to Class Members, to the extent that any funds remain, the Administrator shall distribute the balance to the Class Members who

have cashed their checks, on a *pro rata* basis. All unclaimed amounts after this second distribution shall be applied to a *cy pres* charitable donation, to a charity that Defendants' counsel designates.

20. As to the scope of the release, it covers only Federal and New York wage and hour claims, and extends from six years prior to the date of commencement of this action, or January 5, 2009, through the date of filing of this motion, or December 30, 2015.

21. There are approximately sixty class members.

22. As further detailed in the Agreement and subject to Court approval, within thirty days of the Court granting this motion and entering an implementing order, the Administrator will distribute the Notice of this settlement to all Class Members, in the form provided as Exhibit B to this declaration. In my view, the Notice is fair and balanced and easy to understand, and includes all material, necessary information, including: information regarding the nature of the lawsuit; why there is a settlement and what a class and collective action is; a summary of the substance of the settlement; the procedure and time period for objecting to the settlement, excluding oneself from the settlement, or participating in the settlement; and information regarding the claims procedure and opt-out procedure. The Notice also discusses the release; the attorneys' fees; enhancement awards; and disposition of unclaimed funds.

23. The Notice also references and encloses a Request for Exclusion from Class Action Settlement form, should a Class Member wish to exclude himself/herself from the settlement. This form is attached hereto as Exhibit C. Class Members will have sixty (60) days from the date the notices are initially mailed to return their exclusion forms. The Settlement Agreement provides that if seven or more individuals exclude themselves from the settlement, then Defendants shall have seven days from the close of the exclusion period to rescind the

Agreement and return each party to its respective position prior to the mediation. In that event, Defendants will remain responsible for the Administrator's expenses. The Notice also contains instructions and a deadline for Class Members who wish to object to the Settlement Agreement and/or appear at the Fairness Hearing.

24. I have significant personal experience in class action and collective action lawsuits, as does my Firm. My Firm has prosecuted over 1,000 cases in federal and state court, the overwhelming majority of which are on behalf of employees in either wage-and-hour or discrimination-type cases. My Firm has recently been appointed as class counsel in the following matters: *Vivaldo v. United Talmudical Acad. of Kiryas Joel, Inc., et al*, No. 14-CV-02636 (LAK)(FM) (S.D.N.Y. Aug. 18, 2015); *Guido et. al. v. Ambassador Personnel Services, et. al.,* No. 14-cv-05004 (SJF)(GRB) (E.D.N.Y. Apr. 10, 2015); *Rosario v. Valentine Avenue Discount Store, Co., Inc.*, 2013 WL 2395288, at *10 (E.D.N.Y. May 31, 2013). It is my understanding that Ira Sturm, Esq. also regularly handles these types of cases and has significant experience in this area. Additionally, it is my understanding that Anna Rusanov of Anna Rusanov, PC, is experienced in civil litigation and is admitted to this Court.

25. A proposed order for the Court's consideration in attached hereto as Exhibit D.

26. In my opinion, while Defendants deny Plaintiffs' allegations, this Settlement is an excellent result for all involved. Defendants recognize and appreciate the costs associated with summary judgment motions, motions to dismiss, trial, and/or appeals had the litigation continued. Further, based on our calculations and the factual investigation conducted, including the Defendants ability to withstand a greater judgment, as discussed in the accompanying memorandum of law, the settlement is fair and reasonable to class members as well.

Dated: December 30, 2015
      Great Neck, New York

                              Respectfully Submitted,

                              BORRELLI & ASSOCIATES, P.L.L.C.
                              *Attorneys for Plaintiffs*
                              1010 Northern Boulevard, Suite 328
                              Great Neck, New York 11021
                              Tel. (516) 248-5550
                              Fax. (516) 248-6027

              By:         s/ Alexander T. Coleman
                      ALEXANDER T. COLEMAN, ESQ (AC 1717)